UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

SAMUEL BROWN, III, :
    Plaintiff, :
     :
v. : No. 5:21-cv-04573
     :
TAIT TOWERS MANUFACTURING, LLC, :
    Defendant. :
_____

**O P I N I O N**
Partial Motion to Dismiss, ECF No. 4 – Granted in Part

**Joseph F. Leeson, Jr.**                                                                          January 21, 2022
**United States District Judge**

**I.      INTRODUCTION**

Plaintiff Samuel Brown, III initiated the above-captioned action against his former employer Defendant Tait Towers Manufacturing, LLC alleging violations of Title VII of the Civil Rights Act and of the Pennsylvania Human Relations Act ("PHRA").  Tait Towers has filed a partial motion to dismiss claims based upon acts occurring more than 180 days before Brown filed his charge with the Equal Employment Opportunity Commission ("EEOC") on July 6, 2020, as administratively barred.  In opposition to the Motion, Brown contends that a 300-day administrative time limit is applicable here and, regardless, that the claims are timely under a continuing violations theory.  For the reasons set forth below, this Court finds that the 300-day statute of limitations applies to the Title VII claims only and that the continuing violations doctrine does not apply because all of Brown's claims are based on discrete, discriminatory acts.  The Motion to Dismiss is therefore granted in part and denied in part.

## II.     BACKGROUND

### A.     Factual Allegations[1]

Brown, an African-American male, was hired by Tait in September 2016 in the position of Senior Manager of Custom Fabrication.  *See* Compl. ¶¶ 20-21, ECF No. 1.  In 2017, Tait assigned Brown job duties of the recently terminated vice president and master scheduler, but did not increase Brown's pay or change his job title.  *Id.* ¶¶ 27-41.  In June 2017, Brown met with the Vice President of Human Resources and asked when he would receive a new title, pay increase, bonus increase for performing the additional duties, and pay equity, but was told he was ineligible for the same.  *Id.* ¶¶ 21-40.

In March 2018, Brown met with the Global Head of Human Resources and again questioned when he would receive the vice president title, increased compensation, and equity pay, but was told that promotions to the vice-president-level had been placed on hold and that he was not eligible for equity pay.  *Id.* ¶¶ 42-48.  Tait did offer Brown an interim promotion to Senior Director and a $20,000 temporary increase.  *Id.* ¶ 45.  Brown later learned that Caucasian employees received equity, which was not consistent with the eligibility requirements he allegedly did not meet.  *Id.* ¶¶ 49-50.  In November 2018, Brown began meeting with the CEO about assuming the responsibilities and position of COO, but on December 22, 2018, the Global Head of Human Resources informed Brown that he would not be promoted to COO.  *Id.* ¶¶ 51-52.  Brown complained that the decision was due to his race, to which the Global Head of Human Resources replied, "I agree with you," and explained that she also felt she had been the victim of race discrimination.  *Id.* ¶¶ 53-55.

On January 15, 2019, Brown, who had continued to perform additional duties, met with the CEO, and complained about not receiving the proper compensation, not receiving the position of

---

[1]     The factual allegations are taken from Brown's Complaint.  *See* Compl., ECF No. 1.

vice president, and no longer being considered for the COO position. *Id.* ¶¶ 65-66. Brown cited race as the reason for the disparate treatment. *Id.* ¶ 67. Brown spoke with the CEO again in March 2019 about his compensation and performance of additional duties. *Id.* ¶¶ 71-73. Brown was advised there was a salary cap, which Brown disputes because Caucasian employees were not subject to the same salary cap. *Id.* ¶¶ 70-76. In June 2019, Brown was advised who would become the new COO, which was a person with less operational experience than Brown. *Id.* ¶¶ 74-77. In early 2019, Brown was relied on to fix and improve operational problems, for Global Process Alignment strategy, and to conduct operational tours, but was excluded from non-operational based business strategy and practices meetings and from equity discussions. *Id.* ¶¶ 78-81. In July 2019, Brown complained to the Chief People Officer that he was not receiving the proper compensation and job title on account of his race. *Id.* ¶¶ 82-86.

In February 2020, Brown complained to the Chief People Officer again about the unfair pair differential in comparison to Caucasian employees. *Id.* ¶ 87. Also in February 2020, Brown complained during the Global Leadership Summit about Tait's lack of diversity, as well as its discriminatory hiring and promoting practices. *Id.* ¶¶ 91-95. On April 24, 2020, Brown was placed on furlough allegedly due to the COVID-19 pandemic, but Brown's entire team continued to work. *Id.* ¶¶ 96-97. The following month, Brown's furlough was extended for a month; thereafter, Tait decided not to have Brown return to work, effectively ending his employment. *Id.* ¶¶ 100-107.

B. **Procedural History**

Brown dually filed a charge of discrimination with the EEOC and PHRC on July 6, 2020. *See* Charge and Election Option, Ex. 1, ECF No. 10.[2] After receiving a right to sue letter, Brown,

---

[2]   *See Mudie v. Phila. Coll. of Osteopathic Med.*, No. 21-2156, 2021 U.S. Dist. LEXIS 247156, at *8 (E.D. Pa. Dec. 29, 2021) (explaining that because the EEOC charge was a matter of public record and integral to the claims, it was properly considered when deciding the motion to dismiss).

on October 19, 2021, initiated the above-captioned action, alleging race discrimination pursuant to Title VII and the PHRA, as well as retaliation under Title VII and the PHRA. *See* Compl. Brown alleges that he exhausted administrative remedies under Title VII and PHRA. *See id.* ¶¶ 13-14.

Tait has filed a partial motion to dismiss, seeking dismissal of all claims based upon acts prior to January 8, 2020, as administratively barred because they occurred more than 180 days before Brown filed his EEOC charge. *See* Mot., ECF No. 4. Brown filed a brief in opposition to the Motion, arguing his claims are timely because a 300-day administrative time limit is applicable here and, also, the claims allege a continuous violation and at least one event occurred during the applicable time frame. *See* Opp., ECF No. 11.[3] In Reply, Tait asserts that the claims are based on discrete acts and therefore cannot be part of a continuing violation and that a 300-day limitations period would bar all claims prior to September 10, 2019. *See* Reply, ECF No. 12.[4]

### III. LEGAL STANDARDS

#### A. Motion to Dismiss- Review of Applicable Law

Under Rule 12(b)(6), the court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v.*

---

[3] Brown also argues that some of the discrete acts, even if not individually actionable, may be relevant to show Tait's true intent and demonstrate pretext. However, this argument is premature at the motion to dismiss stage.
[4] Tait also argues against any claim based on a hostile work environment, but Brown has not asserted a hostile work environment claim.

*Iqbal*, 556 U.S. 662, 678 (2009) (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). Additionally, "a document integral to or explicitly relied upon in the complaint may be considered." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted). The defendant bears the burden of proving that a plaintiff has failed to state a claim upon which relief can be granted. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

    **B.**    **Exhaustion of Title VII and PHRA claims – Review of Applicable Law**

Federal and state[5] law prohibits employment discrimination based on race, color, religion, sex, national origin, age, and disability. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015). "The central focus in a discrimination case is "whether the employer is treating 'some people less favorably than others because of their race, color, religion, sex, or national origin.'" *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978) (quoting *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977)).

Before bringing a claim for judicial relief under Title VII or the PHRA, a plaintiff must timely exhaust all required administrative remedies. *See Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 163 (3d Cir. 2013). Under Title VII, a charge must be filed "within one hundred and eighty [180] days after the alleged unlawful employment practice occurred," unless the "person

---

[5]    "Claims under the PHRA are interpreted coextensively with Title VII claims." *Atkinson v. Lafayette Coll.*, 460 F.3d 447, 455 n.6 (3d Cir. 2006).

aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice," then the plaintiff shall file a charge "within three hundred [300] days after the alleged unlawful employment practice occurred." *See* 42 U.S.C. § 2000e-5(e)(1). The PHRA requires a plaintiff to file a charge "within one hundred eighty [180] days after the alleged act of discrimination." *See* 43 Pa. S.A. § 959(h).

A plaintiff may avoid this time bar by establishing that the defendant's acts constituted a continuing violation, the continuation of which ran into the limitations period. *See AMTRAK v. Morgan*, 536 U.S. 101, 107 (2002). However, "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Id.* at 113 (holding that "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act").

## IV.  ANALYSIS

### A.  A 300-day statute of limitations applies to Brown's Title VII claims.

Tait's argument that the enlarged 300-day limitations period for Title VII claims is inapplicable to Brown because he "failed to *initially institute* proceedings with the PHRC"[6] is incorrect. *See* 29 C.F.R. § 1601.13(4)(ii)(A) (providing that an EEOC charge is "timely if the charge is received within 300 days from the date of the alleged violation"); *Colgan v. Fisher Sci. Co.*, 935 F.2d 1407, 1415 (3d Cir. 1991) (distinguishing *Kocian*,[7] which "held that the 300-day limitations period is available to a litigant in a deferral state only when the EEOC or the litigant has instituted state or local proceedings," because "*Kocian* was decided prior to the adoption of 29 C.F.R. § 1601.13(a)(4) providing for deferral of an EEOC complaint to the state agency and in any event is not binding on this in banc court"); *Burgess-Walls v. Brown*, No. 11-275, 2011 U.S. Dist. LEXIS 94087, at *8-9 (E.D. Pa. Aug. 22, 2011) (rejecting the defendants' argument that the 300-

---

6   Pennsylvania Human Relations Commission ("PHRC")
7   *Kocian v. Getty Refining & Marketing Co.*, 707 F.2d 748, 752 (3d Cir. 1983)

day time limitation only applies if the plaintiff "first" filed a charge of discrimination with the state agency). *See also Muñoz v. Armstrong Flooring, Inc.*, No. 18-1209, 2019 U.S. Dist. LEXIS 92775, at *24-25 (E.D. Pa. June 4, 2019) (explaining that the EEOC and PHRC have a work-sharing agreement where each agency waives the right to initially review claims first filed with the other agency). Instead, the limitations period set by Title VII is not determined by the agency in which the charge was filed (for example, EEOC or PHRC), but by the state in which the charge was filed and whether that state has an agency authorized to grant relief for federally prohibited employment discrimination ("deferral state"). *See Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000); *Robinson v. Amtrak*, 880 F. Supp. 2d 575, 583-87 (E.D. Pa. 2012) (concluding that the 300-day limitation period applied to the plaintiffs' administrative charges with the EEOC, regardless of whether plaintiffs ever filed a charge with the PHRC). "Under Title VII. . ., plaintiffs residing in states having an agency authorized to grant relief for federally prohibited employment discrimination must resort to that state remedy before they will be allowed access to federal judicial relief. Such states are termed 'deferral' states." *Watson*, 235 F.3d at 854 (internal citations omitted). Pennsylvania is a "deferral state." *See id.*; *Mandel*, 706 F.3d at 165. Moreover, the Supreme Court has refused to consider whether an EEOC charge is timely under state law before applying the 300-day period of limitations. *See EEOC v. Commercial Office Prods. Co.*, 486 U.S. 107, 123 (1988). The Court reasoned: the "EEOC has neither the time nor the expertise to make such determinations under the varying laws of the many deferral States and has accordingly construed the extended 300-day period to be available regardless of the state filing." *Id.* The applicable statute of limitations for Brown to file an EEOC charge is therefore 300 days. *See Mandel*, 706 F.3d at 163.

### B. A 180-day limitations period applies to Brown's PHRA claims.

Despite the enlarged statute of limitations applicable to Title VII claims, no such enlargement may be applied to claims under the PHRA. *See Mandel*, 706 F.3d at 165 (agreeing with the district court that 300-day enlarged statute of limitations applied only to the EEOC charge, not to the PHRA filing). Rather, the PHRA requires a plaintiff to file a charge "within one hundred eighty days after the alleged act of discrimination." *See* 43 Pa. S.A. § 959(h). This filing requirement may be satisfied by either filing with the PHRC or by cross-filing with the EEOC, provided either filing is made within 180 days of the discriminatory act. *See Burgess-Walls*, 2011 U.S. Dist. LEXIS 94087, at *8-9. Here, Brown's charge of discrimination was dually filed "with both the EEOC and the State or local Agency." *See* Charge and Election Option. A 180-day statute of limitations therefore applies to Brown's claims pursuant to the PHRA.

### C. The 300-day and 180-day time limitations may not be extended here by the continuing violations doctrine.

Brown asserts that he has properly pled a continuing course of action with at least one act within the applicable time limits, 180-days for the PHRA claims and 300-days for Title VII claims, such that claims based on all acts are timely.

In evaluating whether the alleged act is part of a continuing violation or is isolated, the court should consider the subject matter and frequency of the underlying act. *See Mandel*, 706 F.3d at 166-67. "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *Morgan*, 536 U.S. at 114. With respect to discrimination in compensation, "an unlawful employment practice occurs . . . when a discriminatory compensation decision or other practice is adopted, when an individual becomes subject to a discriminatory compensation decision or other practice, or when an individual

is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice." 42 U.S.C. § 2000e-5(e)(3)(A).

The discriminatory acts about which Brown complains are the failure of Tait to increase his pay, to provide pay equity, to change his job title to reflect his added duties, to promote him to vice president and to COO, to exclude him from meetings and equity discussions, and to furlough then terminate him.[8]  Each of these decisions were discrete acts.  *See id.*; *Morgan*, 536 U.S. at 114; *Mikula v. Allegheny Cty.*, 583 F.3d 181, 186 (3d Cir. 2009) (holding that the failure to answer a request for a raise qualifies as a compensation decision such that each paycheck without an increase is a separate discriminatory act); *Summy-Long v. Pa. State Univ.*, No. 1:06-cv-1117, 2010 U.S. Dist. LEXIS 27953, at *40 (M.D. Pa. Mar. 24, 2010) (holding that in light of *Mikula*, "the continuing violation theory no longer applies to paycheck discrimination claims").  Accordingly, Brown has failed to allege a continuing violation and his claims are limited to only those acts that occurred within the statute of limitations.  *See Morgan*, 536 U.S. at 113 (holding that an EEOC complaint related to a discrete discriminatory act "must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred").  To the extent any of Brown's Title VII claims are based on acts occurring prior to September 10, 2019, and any of Brown's PHRA claims are based on acts occurring prior to January 8, 2020, they are time barred.

Moreover, to the extent any of Brown's claims are based on acts, regardless of when they occurred, that were not included in the discrimination charge, they too are dismissed because the exhaustion requirement is issue-specific.  *See Hicks v. ABT Assocs., Inc.*, 572 F.2d 960, 966 (3d Cir.

---

[8]   Brown has not pled any hostile work environment claims for which a continuing violations doctrine would cover.  *See Morgan*, 536 U.S. at 115 ("Hostile environment claims are different in kind from discrete acts. Their very nature involves repeated conduct.").

1978) ("Once a charge of some sort is filed with the EEOC, this court has held that the scope of a resulting private civil action in the district court is 'defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. . . .' *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d at 398-99 [3d Cir. 1976]"); *Marshall v. FedEx Ground Package Sys.*, No. 3:09-CV-2531, 2010 U.S. Dist. LEXIS 92818, at *17 (M.D. Pa. July 13, 2010) (limiting the plaintiff's claims to those specifically advanced before the EEOC and the PHRC).  Specifically, Brown's allegations that unlike his Caucasian coworkers he was micromanaged and had his commitment questioned when working remotely to care for his child, that he was required to travel more frequently, that Tait sought out and gave him negative feedback about work performance, and about the comment by Mr. Davis during a meeting, *see* Compl. ¶¶ 56-64, 87-90, were not presented in the administrative charge and may not form the basis of his Title VII and PHRA claims.

V.   **CONCLUSION**

The statute of limitations applicable to Brown's Title VII claims is 300 days, while his PHRA claims are subject to a 180-day limitations period.  Therefore, to the extent any of Brown's Title VII claims are based on acts occurring prior to September 10, 2019, and any of Brown's PHRA claims are based on acts occurring prior to January 8, 2020, they are time barred.  Brown's claims are further limited to only those acts that were raised in his discrimination charge.  In accordance with the discussion herein, the Motion to Dismiss is granted in part and denied in part.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge
